UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Anton Liverpool,

        Plaintiff,

-against-

The City of New York; Juan Leonbravo, in his individual capacity; John and Jane Does 1-15, each in his or her individual capacity,

        Defendants

ECF CASE

COMPLAINT AND DEMAND FOR JURY TRIAL

AMON, CH.J.

## PRELIMINARY STATEMENT

1.    This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

2.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

## VENUE

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia*, the events giving rise to the claim occurred in the Eastern District of New York.

## JURY DEMAND

5. The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. Plaintiff ANTON LIVERPOOL is a resident of New York.

7. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. At all relevant times herein, defendants JUAN LEONBRAVO and JOHN and JANE DOES 1 through 15 (collectively, the "Individual Defendants") were employed by the NYPD and were each acting in the capacity of agent, servant, and employee of the City.

10. Plaintiff is unable to determine the actual names of John through Jane Does 1 through 15 at this time and thus sues them under fictitious names.

11. At all relevant times herein, the Defendant Leonbravo held the rank of Police Officer and his shield number was 10471.

12. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

## STATEMENT OF FACTS

13. At about 8:25 in the morning of August 15, 2009, plaintiff Anton Liverpool was getting ready to go to work in his locked room, which he had just rented the night before, on the ground floor of 1010 Halsey Street in Brooklyn. The apartment contained approximately four bedrooms that were each rented individually.

14. Approximately 15 officers, the Individual Defendants herein, entered the apartment and proceeded to knock down the doors to the rooms, including Mr. Liverpool's room.

15. On information and belief based on a review of court documents in a related case, the defendants were executing a search warrant the target of which was a 5'8" black male in his thirties with fair skin and a goatee.

16. Mr. Liverpool does not fit this description.

17. Some of the Individual Defendants then searched Mr. Liverpool's person and his room, but found nothing illegal.

18. This notwithstanding, the officers handcuffed Mr. Liverpool then led him out of the house into a waiting van, where Mr. Liverpool first saw that some of the other occupants had also been arrested.

19. Mr. Liverpool was eventually brought by the police to Central Booking in Manhattan, where he and two others were charged in the same felony complaint by the Office of the Special Narcotics Prosecutor ("SNP") with Criminal Possession of a Controlled Substance in the Third Degree (New York Penal Law § 220.16(1)).

20. On April 20, 2009, SNP filed an certificate of affirmative grand jury action. However, one day later the prosecutor had the case advanced in order to request a "cut slip," telling the judge:

> Your Honor, after further investigation into the matter, the People no longer feel that Anton Liverpool should – should be indicted on this case. The People will be withdrawing the case from the Grand Jury next week and we are asking that [Mr. Liverpool] be placed on one dollar bail.

21. The case was adjourned to August 24, 2009, when it was dismissed by SNP, with an assistant prosecutor stating, "People are dismissing this case. People cannot prove this case beyond a reasonable doubt." The court then lifted the dollar bail.

22. The one dollar bail was set in the mistaken belief that Mr. Liverpool was also being held by the New York State Division of Parole. This case was in fact the only matter for which Mr. Liverpool was incarcerated between his arrest on August 15, 2009 and his eventual release nine days later.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983 Against the Individual Defendants

23. All other paragraphs herein are incorporated by reference as though fully set forth.

24. By arresting, detaining, charging and strip searching plaintiff, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to, *inter alia*, be free from unreasonable searches and seizures, false arrest and imprisonment, and malicious prosecution.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

25. All other paragraphs herein are incorporated by reference as though fully set forth.

26. Municipal liability for the violations of plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

27. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

28. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police

officers, and of failing to inform the individual defendants supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiff against the defendants, jointly and severally;

3. Award plaintiff reasonable costs, disbursements and attorneys fees; and

4. Grant any other relief the Court deems appropriate.

Dated: New York, New York
    June 11, 2012

> Respectfully submitted,
>
> Darius Wadia, L.L.C.
>
> By: Darius Wadia (Bar number DW8679)
> Attorney for Plaintiff
> 233 Broadway, Suite 2208
> New York, New York 10279
> dwadia@wadialaw.com
> (212) 233-1212